In the Matter of the Application of HARRY B. FRANK, a Taxpayer, Appellant, for an Injunction Order Pursuant to Sections 123 and 124 of the Alcoholic Beverage Control Law (Chapter 478 of the Laws of 1934), against HUB LIQUORS, INC., and Others, Respondents.

First Department, May 10, 1935.

*David Goldstein* of counsel [*Lawrence Kovalsky* and *Harry B. Frank* with him on the brief; *Goldstein & Goldstein*, attorneys], for the appellant.

*Monroe I. Katcher II* of counsel [*Nelson Ruttenberg* and *Lester H. Schreiber* with him on the brief; *Nelson Ruttenberg, counsel for State Liquor Authority*], for the respondents.

O'MALLEY, J. The question presented is whether the premises of the respondent, Hub Liquors, Inc., licensed to sell at retail, liquors and wines for off-premises consumption, are located within 1,500 feet *on the same street or avenue* of other premises previously likewise licensed.

Sometime in May, 1934, the State Liquor Authority granted to Alfred Frank a license to conduct a retail liquor store at premises

known as 40 Union Square, borough of Manhattan, New York city. This license was renewed for one year commencing October 1, 1934. In October, 1934, Alfred Frank received permission from the State Liquor Authority to move his store to premises known as 50 Union Square, where his business is now being conducted. The premises known as 50 Union Square are located between East Seventeenth and Eighteenth streets, New York city. They are also known as 207–211 Fourth avenue, but in transactions had with the State Liquor Authority the premises apparently were known only as 50 Union Square.

Thereafter and on or about March 1, 1935, the State Liquor Authority granted a retail license to sell liquors and wines for off-premises consumption to the respondent Hub Liquors, Inc., which business was to be conducted at 152 Fourth avenue, borough of Manhattan, city of New York, located between East Thirteenth and Fourteenth streets. The distance between the premises known as 50 Union Square (207–211 Fourth avenue), operated by Alfred Frank, and the premises of the respondent Hub Liquors, Inc., is 1,011 feet.

If both of these premises are located on the same street or avenue then the issuance of the retail license to the respondent Hub Liquors, Inc., was prohibited by the provisions of section 105, subdivision 4, of the Alcoholic Beverage Control Law (Laws of 1934, chap. 478), which, so far as material, reads:

" 4. No retail license to sell liquor and/or wine for off-premises consumption shall be granted in cities having a population of one million or more for any premises which shall be located within 1,500 feet of any premises holding a similar license on the same street or avenue."

We are of the opinion that at the points in question Union Square East and Fourth avenue are physically one continuous thoroughfare constituting the " same street or avenue." Originally all of such avenue was known as Fourth avenue. (See Laws of 1832, chap. 89, § 1.) Under the provisions of this statute and as disclosed by the maps in the record the premises occupied by Alfred Frank, though repeatedly described as 50 Union Square, are, in reality, situated on Fourth avenue. They are north of Seventeenth street, made the northerly boundary of Union Place or Square under the above statute.

The two premises in question, therefore, are both located on Fourth avenue, properly so described, and are, moreover, in spite of any possible difference in nomenclature, situated physically on what was, and still is, the same street or avenue. (*Commonwealth* v. *McDonald*, 160 Mass. 528.) (See, also, *People ex rel. Clausen* v.

*Murray,* 5 App. Div. 441.) The issuance, therefore, of the license to the respondent Hub Liquors, Inc., was improper.

It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements, and the application of the appellant for an injunction pursuant to sections 123, 124 of the Alcoholic Beverage Control Law should be granted.

MARTIN, P. J., MCAVOY, TOWNLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted. Settle order on notice.