## (November 18, 1936.)

In the Matter of the Application of DELMER R. HALL for a Mandamus Order against the BOARDS OF INSPECTORS OF ELECTION and BALLOT CLERKS OF EACH OF THE FOUR ELECTION DISTRICTS OF THE TOWN OF DELHI, DELAWARE COUNTY, NEW YORK, and against the TOWN BOARD of said Township. ELECTION BOARDS and TOWN BOARD OF DELHI, N. Y., Appellants; DELMER R. HALL, Petitioner, Respondent.

Hill, P. J., McNamee, Bliss and Heffernan, JJ., concur; Rhodes, J., dissents, with an opinion.

RHODES, J. (dissenting). At the general election held in Delhi, on November 5, 1935, there were submitted to the voters certain questions under group A of section 101 of the Alcoholic Beverage Control Law, and as to each question a majority of the ballots were in the negative as appeared by the certificate of result of the election officials.

The ballots as prepared by the proper officials and used at said election contained the specified questions under said group A, but were erroneous in that they contained the name of the town of Andes instead of the town of Delhi, each town being in Delaware county.

The certificate of the election officials in substance certified to the number of blank ballots, void ballots and the number of votes cast for and against the question submitted, but did not contain a statement or the form of the ballots showing that said ballots purported to relate to the town of Andes instead of the town of Delhi.

Thereupon this proceeding for peremptory mandamus order was instituted by petition verified the 29th day of May, 1936, the petitioner being a resident, taxpayer and qualified voter of the town of Delhi, and being also a copartner with one John T. Thompson, which copartnership conducted a restaurant known as the Elm Tree Restaurant in said village of Delhi, there having been issued to said copartnership by the Liquor Authority of the State of New York on October 1, 1935, a license for the sale of wines and beer, the expiration date of said license being September 30, 1936. After a hearing upon said petition the court below granted the peremptory mandamus order now before us. The effect of such order will be to compel the election officials to include in their certificate a statement showing the form of the ballots and that such ballots specified the town of Andes instead of the town of Delhi.

In behalf of the appellants several objections are raised to the order and the relief sought by the petition upon which the order is based. In the view here taken it is unnecessary to discuss in detail all of these objections. The appellants argue that obviously the mandamus order is sought for the purpose of laying before the Liquor Authority the form of the ballot to the end that it will thus be made to appear to the Liquor Authority, and that it may make a decision, that all of said ballots were void and that the entire vote upon local option at said election was a nullity and, therefore, that the Liquor Authority upon such showing and without further proceedings, other than its own, will have power to issue licenses for the sale of wines and beer in said town and renew or issue to petitioner such a license.

Section 143 of the Alcoholic Beverage Control Law provides that "Whenever at an election a vote shall be taken on the local option questions pursuant to sections one hundred forty-one or one hundred forty-two in any town or city, the officer or board charged by law with the duty of filing a statement of the result and certificate of determination of such election shall file a duplicate thereof with the Liquor Authority."

It is apparent that by this section it was intended that the Liquor Authority have before it proper certificates showing whether or not the issuing of liquor licenses has been authorized in a particular locality.

The appellants assert that the Liquor Authority may not go further and determine the judicial question as to whether or not an election was properly held or whether the ballots were illegal or the election void. Manifestly the Liquor Authority is vested with no such judicial power.

In reply the petitioner says that he seeks simply to compel appellants to perform the duties imposed upon them by law, and that the proceeding is not an endeavor to put in issue the validity of the local option vote nor to contest the form of the ballots used. This brings us to one of the fundamental questions involved as to whether the petitioner has shown a clear legal right to the relief which has been granted by the order below, for without such a showing of clear legal right, mandamus will not issue.

By section 115 of the Election Law the return of votes to be made by election officials is to contain a brief description of the question voted upon, and is to conform to the nature of the ballots. The return is to constitute a tabulation of the result, clerical in nature, and that is all that is essential and all that seems to be required. The statute does not charge the election officials or the Liquor Authority with the duty of determining the legality of the election or of the ballots. (*People ex rel. Williams* v. *Bd. of Canvassers*, 105 App. Div. 197; affd. on opinion below, 183 N. Y. 538.)

Under the purview of the statutes such certificate of return when filed with the Liquor Authority is to be accepted as final by the Liquor Authority until otherwise declared by some authority other than its own.

Nothing appears either in the Election Law or in the Alcoholic Beverage Control Law indicating that there is any duty on the part of the election officials to include in the certificate of return any information except as to a brief description of the question involved for purposes of identification, together with a tabulation of the votes cast. Anything further would be an empty gesture, unnecessary and futile. The petitioner has, therefore, failed to establish a clear legal right to the relief which has been granted.

But assuming that this objection to the order has no validity, there is a further ground for denying to petitioner the relief which has been granted by the order herein. The ballots, although irregular in form, were actually furnished and used as the official ballots at the election in the town of Delhi and it is now too late to question the form of the ballots, or to question the election because of such irregularity.

In *People ex rel. Williams* v. *Bd. of Canvassers* (*supra*) it was held that objections to the form of the ballot should be taken before election, the reason given in that case being that section 86 of the Election Law in the form then existing required

678

sample ballots to be provided by the proper officials a specified number of days before election, and section 88 of the then Election Law provided for summary application to the Supreme Court to correct any error or omission in such ballots. Substantially the same provisions are now contained in section 109 and section 330 of the Election Law.

It being now too late to question the form of the ballot, or the election because of such form, no reason suggests itself why the election officials should be required to amend their returns so as to include a fuller description of the form of ballot. Assuming that it would have been proper for the election officials to include in their certificate such statement showing the defect in the form of the ballot, such description would now be of no avail; whether or not the election officials should have included such further description in their certificate of return is, therefore, in this view of the case, purely an academic question.

Under the circumstances here disclosed, even though it be assumed that the election officials failed to comply fully with the mandate of the statute, the court in the exercise of its discretion may deny the right of mandamus. (See *Matter of Black* v. *O'Brien*, 264 N. Y. 272.)

The order should be reversed on the law and on the facts, with fifty dollars costs and disbursements, and the petition dismissed, with fifty dollars costs.