In the Matter of the Application of CLARENCE H. WALL, Petitioner, for an Injunction under Section 123 of the Alcoholic Beverage Control Law against the Unlawful Sale of Beer by THE GREAT ATLANTIC & PACIFIC TEA COMPANY, Respondent.

Supreme Court, Delaware County, April 7, 1937.

*Arthur F. Curtis,* for the petitioner.

*William H. Ticho,* for the State Liquor Authority.

*Neile F. Towner* [*Julian B. Erway* of counsel], for the respondent.

*Donald H. Grant, amicus curiæ.*

McNAUGHT, J. The respondent The Great Atlantic & Pacific Tea Company made application for a license to sell beer at retail in the town of Delhi in the county of Delaware to the Alcoholic Beverage Control Board of such county. Upon approval, the application was forwarded to the State Liquor Authority, which thereupon granted such license on or about February 26, 1937, to sell beer at retail not to be consumed on the premises where sold.

The petitioner, as a taxpayer, has made application, pursuant to section 123 of the Alcoholic Beverage Control Law, for an injunction enjoining the respondent The Great Atlantic & Pacific Tea Company from engaging in such traffic in the town of Delhi and for an order directing the revocation of the license issued by the State Liquor Authority.

This is another of the several proceedings arising from the form of the ballot used in voting upon group A local option questions in the town of Delhi in the county of Delaware at the general election held on the 5th day of November, 1935.

A statement of the undisputed facts is essential to clarify the questions presented on this application, which are (1) the right of

the respondent company to sell beer in the town of Delhi, and (2) the power of the State Liquor Authority to issue a license therefor.

Within the time prescribed by statute, more than the requisite number of qualified electors of the town of Delhi duly filed with the town clerk of such town a petition for the submission of group A local option questions as prescribed by section 141 of the Alcoholic Beverage Control Law, at the general election to be held November 5, 1935. No question has arisen over the sufficiency or validity of the petition filed.

The notice provided by statute that such questions would be submitted to the electorate was properly worded, and was posted and published in the manner prescribed by law.

At the election on November 5, 1935, ballots properly indorsed: " Official Ballot for Local Option Questions Submitted ————— Election District Town of Delhi County of Delaware, N. Y. November 5, 1935," were delivered to the electors. On the face of the ballot the questions under group A prescribed by the Alcoholic Beverage Control Law appeared. The ballot was in proper form. The questions submitted were in the language prescribed by law, excepting where the words " town of Delhi " should have appeared, at the end of each question, the words upon the ballots were " town of Andes." While the indorsement upon the ballot was for local option questions submitted in the town of Delhi, owing to an error of a compositor in the printing office furnishing the ballots, and the failure of the officials charged with the duty of furnishing and delivering the ballots as prescribed by law, to discover the error, the word " Andes " appeared instead of " Delhi."

No question arises over the returns of the vote cast in the four election districts of the town of Delhi. According to the returns 1,392 ballots were issued to electors. On question No. 1 the result as returned was " Yes," 557; " No," 657; " Blank, "174; " Void," 4. On question No. 2 the result as returned was " Yes," 533; " No," 640; " Blank," 214; " Void," 5. On question No. 3 the result as returned was, "Yes," 484; " No," 650; " Blank," 254; " Void," 4. Eleven hundred and seventy-three of the ballots cast were counted upon question No. 2, relating to selling alcoholic beverages not to be consumed on the premises where sold.

No protest as to the validity of the ballots was made to the election commissioners of the county nor to any of the boards of inspectors of the four election districts of the town of Delhi. No protest was lodged with any of such boards of inspectors to the counting of the votes cast or any demand made that the same be returned as protested or void ballots.

Subsequently an application was made under the provisions of section 330 of the Election Law for an order declaring the vote void and of no force or effect and for a further order canceling and declaring null and void the certificate of result filed by the town board as a board of canvassers with the town clerk and the Liquor Authority. The application was denied upon the ground that no jurisdiction existed to grant such order in a proceeding under section 330 of the Election Law. (*Matter of Hall*, 157 Misc. 768.)

A subsequent application was made at Special Term for an order directing the town board of canvassers to return the form of the ballot. This application was denied by Mr. Justice PERSONIUS upon the ground the ballots were not before the town board of canvassers, and the boards of election inspectors were not made parties. The application was subsequently renewed and an order of mandamus was granted at the June Trial and Special Term in the county of Otsego, by Mr. Justice HEATH, directing the boards of inspectors to convene and recanvass, and the town board as a board of canvassers to return the form of the questions upon the ballot voted. On appeal the order was affirmed. (*Matter of Hall*, 249 App. Div. 675.)

Subsequently, on December 9, 1936, an amended return was made pursuant to the requirements of the order, and a certified copy filed in the office of the State Liquor Authority. Thereupon application for a license to sell beer was made by the respondent The Great Atlantic & Pacific Tea Company, and the same was issued on or about February 26, 1937. The good faith of the applicant is in no manner questioned.

The petitioner as a taxpayer of the town of Delhi instituted this proceeding, and an order to show cause herein was made returnable at the Otsego Trial and Special Term on the 15th day of March, 1937.

No action or proceeding has been instituted to secure a judicial determination of the validity of the election. The question of the validity of the election is not now presented for adjudication. The papers before the court on this application do disclose, however, that 1,392 electors of the town of Delhi received ballots officially indorsed as ballots upon local option questions submitted in the town of Delhi. The fact does appear that 1,173 of such electors marked the ballots so received upon question No. 2 under group A, and a majority of 107 voted in the negative. It is difficult to conceive that the electors who so voted assumed they were voting upon a question applicable not to their own town, but to another town in the county.

It is academic to say that the electors were entitled to receive ballots properly prepared in the form prescribed by law, and that it was the duty of the officers charged with furnishing such ballots to furnish them in the form prescribed by law. It was their duty under the provisions of section 109 of the Election Law to have sample ballots open to public inspection five days before the election, during which time any voter might apply therefor. It does not appear whether such duty was performed or not, but we may assume that public officers charged with the performance of an act have performed their duty.

In several instances where questions have arisen over the form of ballots, it has been held that it is too late after the election to hear complaints as to the form of such ballots. (*People ex rel. Williams* v. *Board of Canvassers*, 105 App. Div. 197; affd., 183 N. Y. 538.) The language of the court in *Matter of Merow* (112 App. Div. 562) is not inappropriate. Referring to certain irregularities in local option ballots and slips placed in voting machines, the court said (at p. 572): " There was a fair contest upon those questions. No one complained of the manner in which it was being conducted while it was in progress. Every one was satisfied until the result was declared, and the defeated party then for the first time made complaint and sought to have a new election and another opportunity to compel the people of the town of Little Valley to have the saloon or barroom forced upon them against the will of the majority. And it is sought thus to thwart the express will of the electors solely because of the alleged noncompliance of the election officers with some technical requirement of the statute, and not because the result was affected thereby or because any elector was prevented from voting as he desired."

In *People ex rel. Hirsh* v. *Wood* (148 N. Y. 142), Chief Judge ANDREWS, speaking for the Court of Appeals, laid down a fundamental principle relative to elections where he said (at pp. 146, 147): " We can conceive of no principle which permits the disfranchisement of innocent voters for the mistake or even the willful misconduct of election officers in performing the duty cast upon them. The object of elections is to ascertain the popular will and not to thwart it. The object of election laws is to secure the rights of duly qualified electors, and not to defeat them."

The town board as a board of canvassers has no power to determine the legality of an election. It cannot go behind the returns. (*People ex rel. Derby* v. *Rice*, 129 N. Y. 461; *People ex rel. Williams* v. *Board of Canvassers, supra.*)

The State Liquor Authority is not vested with judicial power. It has no jurisdiction to determine the validity of an election

upon local option questions submitted. Such power is not claimed by the Authority and in fact was specifically disclaimed by its counsel upon the argument of this application.

Subsequent to the election the town board of the town of Delhi, in accordance with the provisions of section 143 of the Alcoholic Beverage Control Law, canvassed the returns of the four election districts in such town and certified that the vote on the questions submitted under the provisions of group A of section 141 resulted in the negative. Pursuant to the requirements of the order of mandamus the board has filed the amended certificate. Such amended certificate made pursuant to such order returned the form of the questions under group A as they appeared upon the face of the ballot. It appears therefrom, however, the return of the vote cast and the result certified is the same as in the original certificate.

The State Liquor Authority had before it the original certificate that the local option questions under group A had been submitted in the town of Delhi, voted thereon by the electors of such town, and the result of such vote. It also had before it the amended certificate filed pursuant to an order of mandamus, and so reciting, certifying the same result, and incorporating the form of the questions submitted as they appeared on the face of the ballots used.

Thereupon in the instant case the Liquor Authority issued a license. To reach the conclusion that power and authority to issue such license existed, the Liquor Authority clearly must have determined the local option questions under group A were not validly voted upon by the electors of the town of Delhi, and that the expression of their desires had not been so declared that it was legal and binding. This conclusion necessarily was nothing more or less than a judicial determination of the validity of the election, and this power indisputably does not exist in the State Liquor Authority.

Subdivision 3 of section 141 of the Alcoholic Beverage Control Law directs that as soon as the town meeting or election is held, a return of the votes cast and counted shall be made and the returns canvassed by the town board, and specifically provides: " If a majority of the votes cast shall be in the negative on all or any of the questions, no person shall, after such election, sell alcoholic beverages in such town contrary to such vote or the provisions of this chapter; * * * and no person shall after such vote apply for or receive a license to sell alcoholic beverages at retail in such town contrary to such vote, until, by referendum as hereinafter provided for, such sale shall again become lawful." Nevertheless,

despite the result of the vote, the certificate of the town board of canvassers and the provisions of the statute, the State Liquor Authority has issued a license. Such act must of necessity be based upon the conclusion of such Authority that no valid election was held. This clearly the Authority is without power to determine.

The petitioner is a taxpayer of the town of Delhi. This fact is undisputed. A taxpayer is authorized to institute a proceeding under section 123 of the Alcoholic Beverage Control Law. (*Matter of Frank* v. *Hub Liquors, Inc.*, 244 App. Div. 496; affd., 268 N. Y. 688; *Matter of O'Brien* v. *Rozza*, 247 App. Div. 747; affd., 271 N. Y. 545.)

We are advised by the affidavit submitted in behalf of the State Liquor Authority that the court is without jurisdiction to grant any relief in a proceeding under section 123 of the Alcoholic Beverage Control Law against the State Liquor Authority. We are also advised that the court is without authority to direct the revocation of the license heretofore issued to The Great Atlantic & Pacific Tea Company. In short, it would appear that the State Liquor Authority contends that the court is without any jurisdiction over it in the premises.

It is unnecessary to discuss the power of the court to grant an order to revoke the license heretofore issued by the Liquor Authority. The question would seem to have been settled by *Matter of O'Brien* v. *Rozza* (*supra*). In that case the Appellate Division held that the license was issued in violation of a provision of the statute, and that it was, therefore, invalid and should be canceled. The Court of Appeals in the same case recited the holding of the Appellate Division that the license was invalid and should be canceled, and unanimously affirmed the order. We, therefore, conclude the Liquor Authority is in error in the statements contained in the affidavit submitted in opposition to the application herein.

It is unfortunate that an error occurred in the preparation of the ballots; it is unfortunate that the officials charged by law with the preparation of the ballots did not discover such error; it is unfortunate that numerous legal proceedings should result because of the error after the electors of the town of Delhi have voted, and without question voted in the firm and serene belief that they were passing upon the questions under group A for their own and in their own community.

We hold the State Liquor Authority is without power or right to determine the legality of the election, the validity of the ballot, or in any manner decide that the result of the vote as to the sale of intoxicating beverages in the town of Delhi shall not stand

as an expression of the will of the electorate of that town, as to the issuance of licenses therein.

We hold the State Liquor Authority was without power or authority to issue the license in question to The Great Atlantic & Pacific Tea Company, and that no right to traffic in liquors thereunder is validly vested in such company by the issuance of such license.

We hold that to traffic in intoxicating beverages in the town of Delhi under such license is in violation of law and the expressed will of the electorate of such town.

The application is granted, and an order may be presented enjoining the respondent The Great Atlantic & Pacific Tea Company from trafficking in beer under such license in the town of Delhi in the county of Delaware, and enjoining it from so trafficking until such time as the electorate of such town by vote thereon may authorize the issuance of such license.

Submit order accordingly.