In the Matter of the Application of JACOB OBERSON, INC., a Taxpayer, Respondent, for an Injunction Order Pursuant to Sections 123 and 124 of the Alcoholic Beverage Control Law (Chapter 478 of the Laws of 1934), against SEYOPP CORPORATION and HENRY E. BRUCKMAN and Others, as Commissioners Constituting the State Liquor Authority, Appellants.

First Department, May 7, 1937.

*Monroe I. Katcher, II,* of counsel [*William H. Ticho,* attorney], for the appellant State Liquor Authority.

*Lee H. Burton* of counsel [*Feiner, Skutch & Burton,* attorneys], for the appellant Seyopp Corporation.

*Harry B. Frank,* for the respondent.

GLENNON, J. The State Liquor Authority on January 31, 1934, duly issued a license to the Seyopp Chemical Corporation to sell liquor at retail for off the premises consumption at No. 2 Park avenue in the city of New York. Subsequently, on March sixth of that year, the corporate name was changed by the elimination of the word " Chemical " from the title. As a result thereof, the name has been since that time, " Seyopp Corporation." It established its business at the licensed premises shortly after the issuance of the license, and has been engaged in conducting it down to the present time. It would be fair to say that during that period of time it has enjoyed a large trade.

The State Liquor Authority on January 3, 1934, issued to one Jacob Oberson a license to sell liquor at retail for off the premises consumption at 398 Fourth avenue, New York city. His license was renewed on April 3, 1934, and again on October 1, 1934, for the period ending September 30, 1935. Oberson personally did not renew his application, so that, pursuant to the provisions of section 67 of the Alcoholic Beverage Control Law, his license expired on the 30th day of September, 1935. On September 12, 1935, Jacob Oberson, Inc., filed an application for a license covering the premises at 398 Fourth avenue, and received it on October 1, 1935.

The petitioner bases its application for an injunction and a revocation of the Seyopp Corporation's license under the provisions of subdivision 4 of section 105 of the Alcoholic Beverage Control Law. Subdivision 4 reads as follows:

" 4. No retail license to sell liquor and/or wine for off premises consumption shall be granted in cities having a population of one million or more for any premises which shall be located within 1500 feet of any premises holding a similar license on the same street or avenue."

It is not disputed that the premises occupied by the Seyopp Corporation at No. 2 Park avenue are 1,228 feet, 4 inches from the petitioner's store, which is located at 398 Fourth avenue. The petitioner claims that the store at 398 Fourth avenue is on the same street or avenue as No. 2 Park avenue, within the meaning of the section quoted, and the authority of *Matter of Frank* v. *Hub Liquors, Inc.* (244 App. Div. 496; affd., 268 N. Y. 688).

We believe that the section relied upon by the petitioner should be strictly construed, where, as here, the penalties are severe, *e. g.*, the licensee may not obtain another license for two years (Alcholic Beverage Control Law, § 126), its bond may be forfeited (§ 112), the premises may not be relicensed for two years (§ 113), the value of the license for the unexpired term thereof is forfeited (§ 127).

It cannot be disputed that the State Liquor Authority would have been well within its right under the law in issuing a license within a distance of even one hundred feet provided that the store so licensed was on a street just around the corner from the avenue where the petitioner conducted its business.

It should be noted that the order as entered by this court in *Matter of Frank* v. *Hub Liquors, Inc. (supra)*, reads, in part, as follows: " It is further unanimously ordered that the respondent Hub Liquors, Inc., its officers, agents, servants, employees, attorneys, successors and assigns, are hereby permanently enjoined from directly or indirectly engaging in or participating in the operation of a retail liquor store for the sale of liquor for consumption off the premises at 152 Fourth avenue, in the borough of Manhattan, city of New York, or at any other store or premises on the same street or avenue within 1,500 feet of premises known as 207–211 Fourth avenue, borough of Manhattan, city of New York."

While it was stated in that proceeding that the address of Frank was 50 Union square, still, it should be noted that the order as entered in this court set forth the correct address as 207–211 Fourth avenue. We felt that Fourth avenue, commencing as it does at Fourth street, ended at Thirty-second street; and, in addition thereto, that the official number of the place of business of Alfred Frank was 207–211 Fourth avenue rather than 50 Union square.

Here, the petitioner's store is located at 398 Fourth avenue, whereas the appellant's place of business is located at No. 2 Park avenue. No. 398 Fourth avenue is between Twenty-seventh and Twenty-eighth streets. Park avenue, by resolution of the board of aldermen passed in 1924, begins at Thirty-second street. We conclude, therefore, that No. 2 Park avenue is not on the same street or avenue as 398 Fourth avenue, within the meaning of subdivision 4 of section 105 of the Alcoholic Beverage Control Law.

Although we do not rest our decision on this question, we are inclined to the view that petitioner Jacob Oberson, Inc., which was organized more than a year and seven monts after Seyopph Corporation first received its license, has no right to complain since it did not receive its license in the first instance from the State Liquor Authority until October 1, 1935. Jacob Oberson, Inc., is not entitled, for the purpose of computing priority of time of the issuance of the licenses, to the period which Jacob Oberson, as an individual, controlled the premises at 398 Fourth avenue, pursuant to the authority granted him by the State Liquor Authority.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the application denied.

MARTIN, P. J., DORE and COHN, JJ., concur; O'MALLEY, J., dissents and votes for affirmance.

O'MALLEY, J. (dissenting). I am unable to agree with the conclusion reached by Mr. Justice GLENNON. Park avenue and Fourth avenue are (within the purview of the statute) to be regarded as one street and avenue. Mere " difference in nomenclature " may not alter the factual situation. This was the effect of our decision in *Matter of Frank* v. *Hub Liquors, Inc.* (244 App. Div. 496; affd., 268 N. Y. 688).

If because of difference in name merely the two streets here in question are to be regarded as different thoroughfares, then a license may be issued to the premises at the southwesterly corner of Thirty-second street, which would be almost directly across the street from the premises now operated by the appellant Seyopp Corporation.

I agree with the view expressed at Special Term that " The question is which *premises* were first licensed, not which licensee first received the license." (Italics ours.) The premises of the respondent here were first licensed. The fact, therefore, that this license was reissued to a corporation occupying the premises rather than to the individual who first received the license, is immaterial.

While it may be that hardship has resulted to the appellant Seyopp Corporation, we may not permit this consideration to alter the statutory mandate.

I am also of the opinion that the order made properly directed the State Liquor tax authorities to revoke and cancel the license. This question seems to have been squarely decided by the Court of Appeals in *Matter of O'Brien* v. *Rozza* (247 App. Div. 747; affd., 271 N. Y. 545).

It follows, therefore, that the order appealed from should be affirmed, with twenty dollars costs and disbursements.

Order reversed, with twenty dollars costs and disbursements, and application denied.