In the Matter of an Application for an Injunction Order Pursuant to Sections 123 and 124 of Chapter 478 of the Laws of 1934, Also Known as Alcoholic Beverage Control Law, by JOSEPH PIERSE, Taxpayer, Appellant, against PAULINE ZIMMERMAN, HENRY E. BRUCKMAN and Others, as Commissioners of the State Liquor Authority, Respondents.— Appeal by petitioner from an order entered in the office of the clerk of Kings county on January 26, 1938, denying his application for an order (a) enjoining respondent Zimmerman from conducting a store for the sale at retail of liquor and wine for consumption off the premises and (b) directing the other respondents, as Commissioners of the State Liquor Authority, to revoke and cancel the license of respondent Zimmerman to conduct such business in such store. Order unanimously affirmed, with ten dollars costs and disbursements to respondents jointly. The uncontroverted evidence established that petitioner's store is on Broadway, Brooklyn, and that respondent's store is on Halsey street in a building a part of which, but not any part occupied by respondent's store, is on Broadway, within 1,500 feet of petitioner's store. The term " premises," as used in the statute (Alcoholic Beverage Control Law, § 105, subds. 2, 4), means a store and not a building. Subdivision 4 prohibits the licensing of a store such as those involved here within 1,500 feet of a like store on the same street or avenue, but does not prohibit the licensing of such a store within 1,500 feet of a like store on a different street or avenue. The courts must take the language of the statute as

they find it and may not read into it a meaning not expressed by the Legislature. (*Moritz* v. *United Brethrens Church*, 269 N. Y. 125, 132.) If a further restriction is to be made to apply to such a case as the present it must be made by the Legislature and may not be made by the courts. (*Matter of Hering*, 196 N. Y. 218, 220.) Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.