In the Matter of MARY KRAMER, Respondent, against ARVID PEARSON et al., Appellants.— In a proceeding brought pursuant to sections 123 and 124 of the Alcoholic Beverage Control Law, order granting application of respondent and enjoining appellant Arvid Pearson from engaging in the business of conducting, at 778 60th Street, Brooklyn; New York, a retail liquor store for the sale of liquor for consumption off the premises, and directing the State Liquor Authority forthwith to cancel a liquor license heretofore issued to appellant Arvid Pearson, reversed on the law, with $10 costs and disbursements to appellants jointly, and the application denied, without costs. The undisputed proof shows that the premises in their entirety are on 60th Street and at least seventeen feet to the west of Eighth Avenue. This location is not within the province of the prohibition set forth in subdivision 4 of section 105 of the Alcoholic Beverage Control Law. (*Matter of Pierse* v. *Zimmerman,* 255 App. Div. 708; *Matter of Oberson, Inc.,* v. *Seyopp Corporation,* 251 App. Div. 170, 172.) This location is also on a " public thoroughfare ", as comprehended by the use of that term in subdivision 2 of section 105 of the Alcoholic Beverage Control Law, as amended by chapter 549 of the Laws of 1946. The foregoing

amendment validates licenses previously issued, notwithstanding the provisions of subdivision 2 of section 105 in effect prior to such amendment, inclusive of the phrase " in a business center on a main thoroughfare ". The amendment, therefore, has rendered academic the construction of this latter phrase. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur. [186 Misc. 134.]