### (June 28, 1957)

■ In the Matter of GEORGE WINKLER, Appellant, against STATE LIQUOR AUTHORITY, Respondent.

MEMORANDUM BY THE COURT: On the record before us, we are not satisfied that the respondent exercised its independent judgment in arriving at its determination to deny petitioner's removal application. For this reason and this reason only the order of Special Term should be reversed and the matter remanded to the Authority for further consideration.

FRANK, J. (concurring). In this article 78 proceeding, the petitioner appeals from a Special Term order dismissing his petition for an order annulling the determination of the State Liquor Authority which denied his application for the removal of his package store from its present location to another on the same street and about two blocks away.

The petitioner, now in his late fifties, has held a license at his present location for 23 years. It is asserted without denial that throughout these many years he has never been charged with a single violation. A steady patronage and neighborhood good will have enabled him to provide his children with extensive education, as well as to meet expenses for an invalid wife who has three times been operated upon for cancer. The petitioner, himself, suffers from an incurable ailment which affects the mobility of his limbs.

Several years ago, a large housing project was erected across the street from the petitioner's store. Thereafter a plan for an additional project was announced which will result in the demolition of the building where the petitioner's business is located. Anticipating this change, the petitioner purchased a small building two blocks to the east, into which he desires to move.

Jane Addams Vocational High School for Girls, in the vicinity, is situated south of 163rd Street and has frontage on both Union and Tinton Avenues. The nearest point of the school building to 163rd Street is 115 feet distant. The petitioner's present location is on the south side of 163rd Street at the corner of Forest Avenue, which is one block west of Tinton Avenue. The store to which he proposes to move is on the southerly side of 163rd Street, 17 feet east of the easterly side of Union Avenue on whose westerly side stands the easterly wall of the school. It should be noted that the main entrance to the school is on Tinton Avenue and is closer to the petitioner's present location than it would be to the proposed new one. The distance

of the new location here sought is 242 feet from the main entrance of the school, but within a radial area of 200 feet. Nevertheless the proposed package store will not be on the same street as either frontage of the school. Thus the 200-foot rule does not apply. (Alcoholic Beverage Control Law, § 105, subd. 3. *Matter of Jacob Oberson, Inc.* v. *Seyopp Corp.,* 251 App. Div. 170; *Matter of Pinkowitz* v. *O'Connell,* 271 App. Div. 919; *Matter of Pierse* v. *Zimmerman,* 255 App. Div. 708.)

On June 6, 1956, the New York City Alcoholic Beverage Control Board recommended approval of the application for removal. At a meeting on June 14–15, 1956, the State Liquor Authority deferred action on the application and directed one of its employees to ascertain the views of the Board of Education. Thereafter the Authority received a letter from the board which stated in part that, " it is contrary to the best interests of the children * * * to have this liquor license transferred * * * in such close proximity to that school." The record indicates that this communication was predicated upon an expression of views by the school principal. On July 16, 1956, the Authority disapproved the transfer specifically upon the recommendation of the Board of Education and the application of the 200-foot rule. As already indicated, that rule does not apply here. No hearing was held, as indeed none is required, by the State Liquor Authority to enable the petitioner to meet the objection, if he could. It is significant that the affidavit of the chairman of the Authority, submitted in opposition, does not recite a single fact in addition to the recital of the Board of Education letter upon which the determination was predicated.

The petitioner alleges, without denial, that after he was advised of the board protest, he consulted the principal of the school. That official told the petitioner that had he been aware of all the circumstances he would have had no objection to the transfer.

It is now beyond cavil that the record upon which an administrative agency predicates its determination should be sufficiently complete so that a reviewing court may be in possession of all the facts (*Matter of Barry* v. *O'Connell,* 303 N. Y. 46, 52; *Matter of Scudder* v. *O'Connell,* 272 App. Div. 251). The court should not be required to speculate as to the reason for the administrative ruling (*Matter of McCall Corp.* v. *Gerosa,* 2 A D 2d 358, 361; *Matter of Socony Vacuum Oil Co.* v. *Murdock,* 165 Misc. 713, 719).

There is not a scintilla of proof in the record to justify the conclusion that the new location sought by the petitioner would adversely affect the discipline, morale or conduct of the girls attending the school. Not a single complaint in that regard has ever been leveled against the petitioner. Moreover, the establishment would not be a bar and grill, where adolescents might congregate or habitues annoy or molest young women, but a package store for off-the-premises consumption.

Here we have a determination of the Authority based upon a letter which in turn is predicated upon views expressed by one apparently not in possession of all the facts. On the argument of this appeal, counsel for the respondent was closely questioned upon what additional facts the determination was bottomed, other than the letter from the Board of Education. None were suggested.

The Authority is vested with wide powers and broad discretion. But the powers and discretion thus reposed must be exercised by it alone. It may not abdicate its functions, surrender them to another agency, or rely wholly upon hearsay (*Lloyd Sabaudo Societa* v. *Elting,* 287 U. S. 329, 339; *Matter of Dillon* v. *Schapp Beef Co.,* 254 App. Div. 790; see, also, *Matter of Greenebaum*

v. *Bingham,* 201 N. Y. 343, 347–348; *Matter of New York Water Service Corp.* v. *Water Power & Control Comm.,* 283 N. Y. 23, 31). While it may seek the views of others in reaching a determination, it should not as a *pro forma* act predicate its decision solely upon the recommendation of others, no matter how well-intentioned that may be.

The petitioner, after almost a quarter century in his business, is in the unenviable position of suffering its complete loss because of circumstances entirely beyond his control. The loss of his license is not of the petitioner's making. He could do nothing to prevent the condemnation for a paramount public use of the property where he is located. His plight merits fair and sympathetic treatment. Within the limits of the authority granted to any arm of government, be it judicial or administrative, the exercise of discretionary power vested in a governmental agency includes the application of equitable considerations, fairness and a nice balancing of all of the factors involved in the impact of the determination upon those concerned. Anything less defeats the essential purpose of the grant of discretionary power. Therein lies the great division between it and the performance of a mere ministerial act. The exercise of discretionary power perfunctorily, superficially, by rote, or as a ministerial act, does not fulfill the legislative intent in the grant of such power.

We are not prepared to say that the determination of the Authority was arbitrary, capricious, or illegal. Upon this record, however, it does appear that there is an insufficiency of facts upon which to base any final determination (*Matter of Drew* v. *State Liq. Auth.,* 2 A D 2d 75, affd. 2 N Y 2d 624).

The order of Special Term should be reversed and the matter remanded to the Authority for reconsideration in accordance with the views herein expressed.

BREITEL, J. P. (dissenting). Petitioner, in this article 78 proceeding, seeks to have annulled the refusal of the State Liquor Authority to grant him a permit to remove his licensed package store premises from one site to another. Involved are many personal considerations affecting petitioner, a licensee for several decades and with an unblemished record, motivating consideration in his favor, if it were proper and if there were power to do so. The difficulty is that the State Liquor Authority exclusively has the administrative discretion to grant or refuse the issuance of such a permit, in the same manner that it has an administrative discretion to grant or refuse a license to a new applicant. Here is not involved a quasi-judicial discretion requiring for its support substantial evidence to sustain the conclusion reached. On the contrary, if the action is warranted in reason, that is, is not capricious or arbitrary, it may not be reviewed or disturbed. (*Matter of Fiore* v. *O'Connell,* 297 N. Y. 260 and the cases cited therein; see, also, *Matter of Barry* v. *O'Connell,* 303 N. Y. 46, 50–51.) Quite irrelevant are cases involving discretionary determinations after hearings based upon findings, as in license revocation proceedings.

Petitioner's original premises, which he still occupies, is some 350 feet from a girl's vocational school. Unfortunately, these premises are part of a larger area being condemned to provide a new housing project. He would remove his licensed premises to another place, which is only 115 feet from the side entrance to the school, although it is some 242 feet from the school's main entrance. Petitioner's application for removal was rejected, not because of any statutory rule excluding licensed premises from within 200 feet on the same street or avenue from a school, but simply on the ground, based on administrative discretion, that it was within the area measured by a radius of 200 feet from the school. This determination was made following the recommendation of the New York City Board of Education that it was contrary to the best interests of the children attending the school to have the licensed premises in such close proximity to the school and that such location would

adversely affect the maintenance of the discipline of the students. After the refusal to grant the permit, petitioner asked for reconsideration, and, thereafter, the Authority advised him that the matter had been submitted to the members of the Authority at their regular meeting., but the request for reconsideration had been denied.

It seems that, following the denial of the application, the principal of the school, upon being advised about the personal factors affecting the licensee, had said that if he had known what he now knew he would not have been adverse to the relocation of the licensed premises. Unfortunately, it is neither the function of the Authority nor that of the Board of Education, in determining how school children would be affected by the location of licensed premises to base their conclusion, primarily, upon personal factors affecting the applicant, no matter how poignant those circumstances may be. More particularly, the views of the school principal did not necessarily reflect the views of the Board of Education. Consequently, the Authority was not bound to change its position as a result of this change of view by the school principal.

Each application, and especially the situation affecting each school, is very definitely one that must be considered on a case-to-case basis. Although it is not necessary to note this to justify the conclusion reached by the Authority, it is easy to see that a girl's vocational school might very well require stricter precautions than would a school of another type. And, so too, when a church is involved the considerations would be substantially different, with possibly different result.

There is no suggestion in this record, nor does petitioner urge that there was any departure from proper procedure in this matter, or that he was subjected to any unfairness in the determination of his application.

Nor does it follow that because the Authority relied heavily on the Board of Education that it failed to exercise its own judgment. The issue turning on what was good for school children, the Authority was entitled to give considerable weight to the views of a substantially responsible agency having expertness and disinterestedness as its mark. In this situation, it could weigh the harshness of the result on the fortunes of the petitioner as against the weight to be assigned to the interests of school children. On this view there is no deficiency in the record. And, of course, there is no showing of unreasonableness in the result.

While the particular circumstances of this case stir the conscience, a greater evil would be perpetrated if the courts should overturn the discretion exclusively lodged in the regulating authority, or in the alternative, utilize the suggestive device of remanding matters to the Authority, because the court has no power to act in the premises by itself, in order to bring its heavy power of persuasion to bear on the Authority.

Accordingly, the order dismissing the petition and denying the application should be affirmed, with costs to respondent.

Valente and McNally, JJ., concur in MEMORANDUM BY THE COURT; Frank, J., concurs in the result in opinion; Breitel, J. P., dissents and votes to affirm in opinion, in which Rabin J., concurs.

Order reversed and the matter remanded to the Authority for further consideration.