■ In the Matter of JOHN L. WHITE, Respondent, v VICTOR P BATTAGLIA, JR., et al., Constituting the Board of Education of the East Irondequoit Central School District, Appellants.—Judgment unanimously affirmed, with costs. Memorandum: Appellants, members of the Board of Education of the East Irondequoit Central School District, appeal from a judgment at Special Term invalidating pursuant to section 102 of the Open Meetings Law (Public Officers Law, §§ 95-106), all measures approved at a specially called meeting on June 27, 1980 based on the determinations that they had failed to comply with the notice provisions of section 99 of the Open Meetings Law and that the failure to comply was not unintentional. Fay Powell, then president of the board, began contacting board members at 4:00 P.M. on June 27 to ask them to attend a meeting at 7:30 that evening at the central offices, which was not the usual meeting date or place. The only notice given to the public was one typewritten announcement posted on the central offices bulletin board. At the meeting, which only board members attended, the board, among other actions taken, accepted the resignation of Battaglia and then appointed him to fill a vacancy created by the resignation the previous day of another member, Centola. Four of the nine board members includ-

ing Battaglia had recently been defeated in an election and their terms were to expire on June 30, 1980. By appointing Battaglia to fill the vacancy of Centola, whose term was to expire in 1982, the board effectively extended Battaglia's term. Four days later Battaglia was elected president of the board. The reappointment to the board of Battaglia, a member of the faction which had been defeated at the recent election, was undeniably a matter of public interest. There is no dispute that the meetings of the board of education are subject to the mandatory requirements of the Open Meetings Law. Special Term could find on this record that appellants violated the notice requirements of the Public Officers Law (§ 99) in that notice was not given "to the extent practicable, to the news media" nor was it "conspicuously posted in one or more designated public locations at a reasonable time prior thereto." We find that the court did not abuse its discretion in invalidating all action taken at the meeting pursuant to section 102 which gives the court "the power, in its discretion, upon good cause shown, to declare any action * * * taken in violation of this article void". Appellants in their defense cite a portion of section 102 which states that "An unintentional failure to fully comply with the notice provisions * * * shall not alone be grounds for invalidating any action taken at a meeting of a public body." Special Term could find that the violation was intentional in view of appellants' failure to present a satisfactory explanation for their last-minute call of the meeting and for the patent inadequacy of the notice. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Hancock, Jr., J. P., Callahan, Doerr and Witmer, JJ.