OPINION OF THE COURT
John G. Connor, J.
Petitioner moves to set aside the denial of an extended variance made by respondents at a special meeting on September 30, 1983.
BACKGROUND TO SEPTEMBER 30, 1983 MEETING
On May 13, 1982 petitioner requested permission to double bunk sentenced inmates to 16 cells at the Saratoga County Jail. Said variance was granted for a period of 90 days. Upon renewal for an additional 90 days, a hearing relative to the petitioner’s request was held in Albany, New York, attended by the Saratoga County Sheriff, Chairman of the Board of Supervisors and members of the news media. By a 2 to 1 vote, the extension of the variance was turned down by respondents. Petitioner thereafter petitioned this court to set aside the October 7, 1982 hearing as arbitrary and capricious. By decision of this court the October 7 hearing was set aside as not based upon *593 the “totality of circumstances” as set forth in Rhodes v Chapman (452 US 337) and Lareau v Manson (651 F2d 96).
Subsequent thereto, a notice of appeal with a stay of the order was served upon petitioner. At a Special Term of the Appellate Division, Third Department, that court unanimously granted petitioner’s request to lift the stay. Subsequently, the respondent, State Commission of Correction (SCOC), never perfected the appeal.
As a consequence, petitioner resubmitted a further extension of the variance on September 2, 1983 for double bunking. On October 7,1983, respondents denied petitioner’s application for an additional 90-day period.
Respondents acknowledge petitioner was not notified of the second meeting, claiming notice was not required. The September 30 meeting lasted five minutes. The commissioner’s decision was based upon a 15-page typewritten report prepared by a correctional facility review specialist. These findings were based upon her visit to the Saratoga County Jail on September 28 and 29, 1983. SCOC represents that on the following day (Sept. 30) the report was submitted to the commissioners for review.
In contrast to the first meeting, absent were the Capital District area newspapers, television news media, New York State Sheriff’s Association, New York State Association of Counties and representatives from Saratoga County.
Petitioner now contends that the second meeting on September 30, 1983 was in violation of the provisions of article 7 of the Public Officers Law (Open Meetings Law).
Respondent contends compliance with the Open Meetings Law and further represents that notice to petitioner is not required since a variance is ministerial in nature and therefore no hearing is required.
In the opinion of this court, it is inconsistent to state that no hearing is required in granting or denying a variance and at the same time allege that public notice was given to the September 30 hearing.
The underlying issue herein presented is whether the hearing on September 30, 1983 was judicial or quasi-judicial in nature. Since petitioner was never given an *594 opportunity to appear, the basic issue is whether due process of law was provided to petitioner.
9 NYCRR part 7050 provides the State Commission of Correction may grant a variance upon a “determination” and “[r]eview of application for a variance” (9 NYCRR 7050.3). Although the State regulations do not affirmatively state that a hearing is required, the words “determination” and “review” taken in their proper prospective meaning would indicate that such variance granted or denied is quasi-judicial in nature. Respondents (SCOC) themselves refer to such meeting, which it now claims is ministerial in nature in their letter to petitioner. Said letter refers to its findings on September 30, 1983 as a “decision”. Decision is defined as the deciding or settling of a question or dispute by giving judgment to one side. In the opinion of this court, giving judgment to one side without an opportunity to the other side to be heard is a nullity. “Determination” as defined in Webster’s Dictionary states: (a) judicial settling and ending a controversy, (b) the resolving of a question by argument or reasoning.
Notice of and an opportunity to be heard in an administrative proceeding is fundamental as to the aggrieved person. Where due process requires a hearing, the right to such hearing in all its essentials may exist even though the statutes do not require a hearing (Matter of Hecht v Monaghan, 307 NY 461; 2 NY Jur 2d, Administrative Law, §125, p 187).
Respondents’ September 30, 1983 decision was based upon a 15 typewritten page report submitted to a subordinate of the Correctional Department. It is interesting to note that the detailed 15-page report was submitted to the two commissioners present on September 30, based upon her visit at Saratoga County Jail on the two previous days. The commissioners’ findings incorporate by reference the findings made by a subordinate employee. No independent findings were made by the two commissioners present. During the five-minute meeting the two members listened to a briefing on the new construction at Saratoga County Jail. The shortness of time would inexorably lead to the conclusion that the commissioners had not sufficient time to reach their own determination. As pointed out in Matter *595 of Winkler v State Liq. Auth. (3 AD2d 1011, 1013, affd 4 NY2d 856), “[w]hile it may seek the views of others in reaching a determination, it should not as a pro forma act predicate its decision solely upon the recommendation of others, no matter how well-intentioned that may be.”
Petitioner raises the issue that respondents failed to comply with the Public Officers Law. Respondents contend compliance, in spite of the fact that no one appeared at the second meeting. Although respondents allege that article 7 of the Public Officers Law is not applicable, it also argues that the notice as required by section 99 of the Public Officers Law was fully complied with. Respondents’ legal papers refute compliance with subdivision 1 of section 99 of the Public Officers Law. At least one week’s notice should be given. Less than three days’ notice was given herein.
From its inception, the news media has followed petitioner’s application for a variance on double bunking. The purpose of the Open Meetings Law was declared by the Legislature in section 95 of the Public Officers Law. Said section states: Section 95 (renum § 100, eff Sept. 1, 1984) “It is essential to the maintenance of a democratic society that the public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy. The people must be able to remain informed if they are to retain control over those who are their public servants. It is the only climate under which the commonweal will prosper and enable the government process to operate for the benefit of those who created it.”
Respondents knew on September 27, 1983 that the news media had extensively covered petitioner’s request for double bunking — only three days transpired between calling the special meeting and gathering information at the Sara-toga County Jail.
The scrutiny of public opinion must be tested by giving the news media this right to witness such meeting by such notice to the extent practicable. (Matter of White v Battaglia, 79 AD2d 880.) In this case three days is insufficient notice.
*596 9 NYCRR 7050.3 entitled “Review of application for a variance” provides the State Commission of Correction shall issue a written determination and such written determination shall include specific facts and reasons underlying the determination. Respondents have failed to make any independent written determination. 9 NYCRR 7050.3 provides the State Commission of Correction shall issue the written determination within 30 days after receipt of petitioner’s application. As is pointed out in the executive director’s affidavit, “because no decision had been rendered as of September 27, 1983 on the Saratoga County request, the Commission was constrained to schedule a special meeting in order to determine the variance request within the alloted [sic] thirty (30) days.”
By reason of the foregoing, respondents have failed to properly act upon petitioner’s request for extending the variance within 30 days and by operation of law the extension of 90 days request by petitioner on September 2, 1983 is hereby granted.