# Thaler v New York State Liq. Auth.

2024 NY Slip Op 30369(U)

February 1, 2024

Supreme Court, New York County

Docket Number: Index No. 156347/2020

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>HON. DEBRA A. JAMES</u>      PART   59

*Justice*

-------------------------------------------------------------------------------X

STEVEN THALER and WEST VILLAGE RESIDENTS
ASSOCIATION,

           Petitioners,

For a Judgment pursuant to Article 78 of the Civil Practice
Law & Rules,

           - v -

NEW YORK STATE LIQUOR AUTHORITY and KANEKEI,
INC, d/b/a KANEKAY RAMEN,

           Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156347/2020 |
| MOTION DATE | 10/18/2022 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20

were read on this motion to/for        <u>ARTICLE 78 (BODY OR OFFICER)</u> .

<u>ORDER</u>

Upon the foregoing documents, it is

ADJUDGED that the petition is denied, and the proceeding is dismissed, with costs and disbursements to respondents; and it is further

ADJUDGED that respondents, having addresses at _____ , and _____, respectively, do recover from petitioners, having addresses at _____ , and _____, respectively, costs and disbursements in the amount of $ _____ , as taxed by the Clerk, and that respondents have execution therefor.

**156347/2020 THALER, STEVEN vs. NEW YORK STATE LIQUOR**
**Motion No. 001**

**Page 1 of 4**

1 of 4

[* 1]

## DECISION

As stated in <u>Circus Disco Ltd v New York Liquor Authority</u>, 51 NY2d 24, 37-38 (1980):

> The final question is the weight to be given by the authority in its decision making process to the opposition of community residents and political leaders. The authority suggests that the addition by chapter 256 of the Laws of 1978 of subdivision 7 to section 100 of the Alcoholic Beverage Control Law, which requires every applicant for a retail license to post a notice of the pendency of the application on the premises proposed to be licensed, indicates the Legislature's intent that the authority consider community views concerning whether a license should be issued. Assuming that such a provision would not constitute an unconstitutional delegation of power (an issue on which we express no view, but compare <u>Seattle Trust Co. v Roberge</u>, 278 US 116; and <u>Matter of Concordia Coll. Inst. v Miller</u>, 301 NY 189, with <u>City of Eastlake v Forest City Enterprises</u>, 426 US 668), we find nothing in the wording of the subdivision or in the authority's memorandum in support of the amendment (NY Legis Ann, 1978, p 185) to suggest that its purpose was other than fairness and openness in government by making the application known so that objections *otherwise* cognizable under the statute could be brought to the authority's attention. A more explicit indication of legislative intent than subdivision 7 would be required were public or community reaction alone, unrelated to the other standards set forth in the law, to be a basis for denial of a license. While it is not always inappropriate for the authority to receive the views of others (see <u>Matter of Barry v O'Connell</u>, 303 NY 46, 51, <u>supra</u>; Matter of Winkler v State Liq. Auth., 3 AD2d 1011, affd 4 NY2d 856; <u>Matter of Waverly Rest. Corp. v State Liq. Auth.</u>, 24 AD2d 985, <u>supra</u>; <u>Matter of Steiert v Epstein</u>, 15 AD2d 532, <u>supra</u>), the authority cannot deny an application without a reason other than the recommendation or views thus expressed any more than it could properly grant a license application on the basis of outside recommendation and without reference to the statutory standards. As Mr. Justice Pittoni succinctly put it in a zoning case, <u>Matter of Mollineaux v Michaelis</u>

**156347/2020   THALER, STEVEN vs. NEW YORK STATE LIQUOR**
Motion No.  001

**Page 2 of 4**

2 of 4

[* 2]

(29 Misc 2d 933, 935, affd 16 AD2d 697, supra), "Perhaps the respondents were swayed by the number of objectors. However, we must keep in mind that ours is a government of law and not of men; and that decisions, especially where property rights are protected by Constitutions and laws, must be based upon such laws and not upon sympathy or public opinion." (Accord: Matter of Pleasant Val. Home Constr. v Van Wagner, 41 NY2d 1028, 1029; Udell v Haas, 21 NY2d 463, 469; De Sena v Gulde, 24 AD2d 165, 171.)

Here the authority noted in its decision the letters received by it from the area's State Senator, Assemblyman and Councilperson and the filing of a petition with more than 800 signatures protesting the application. The filing of such letters and petition were proper but of themselves cannot sustain the authority's determination, unsupported as to other permitted bases as above shown, to reject the application.

This court disagrees with petitioners that the 1993 Padavan amendments legislatively repealed Circus Disco, supra, and its progeny. As the Appellate Division, First Department in Galaxy Bar & Grill v New York State Liquor Authority, 154 AD3d 476, 480 (1st Dept 2017), favorably citing Circus Disco, states "community opposition in and of itself cannot sustain the authority's determination to reject the application". Moreover, even accepting petitioners' argument that the "quality of life" standard applies, petitioners cite no evidence before the Commissioners that the grant of the permit to allow the service of beer and wine would increase the noise levels of patrons of or vendor deliveries to respondent Kanekay Ramen, the ramen noodle restaurant, for which the New York City Building

**156347/2020   THALER, STEVEN vs. NEW YORK STATE LIQUOR**
**Motion No.  001**

**Page 3 of 4**

Department issued a temporary certificate of occupancy.

Therefore, the Reconsideration Decision dated April 15, 2020,

was neither arbitrary or capricious, nor an abuse of discretion,

nor affected by errors of law.

20240201132548DJAMES6BEB40BF2A2140808A3DB14BB952EDB0

| 2/1/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **DEBRA A. JAMES, J.S.C.** | |
| **CHECK ONE:** | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**156347/2020   THALER, STEVEN vs. NEW YORK STATE LIQUOR**
**Motion No.  001**

**Page 4 of 4**

4 of 4

[* 4]