In the Matter of the Estate of ELLA C. JEFFERIES, Deceased.

Surrogate's Court, Kings County, May 13, 1935.

*James G. Mitchell,* for Lucille T. Oppenheimer.

*Margaret K. Udell,* for Adelaide H. Chapin.

*Charles C. Cormany,* for J. M. Patten, as administrator c. t. a. of Isabelle Jefferies, deceased.

*Coombs & Wilson,* for Miriam Scholes.

WINGATE, S. This is a petition seeking the approval of an alleged compromise under the purported authority of section 19 of the Decedent Estate Law.

Ella C. Jefferies, the decedent whose estate is primarily involved herein, died on May 2, 1929, leaving a will and two codicils, the composite provisions of which erected a trust of $10,000, made a number of bequests of various articles of personal property, gave general legacies to eight individuals and charities approximating $25,000, and left the residue to one R. Gordon Mackay, who was nominated as executor.

Mackay duly propounded the will and was promptly faced by objections interposed by Isabelle Jefferies, a next of kin of the decedent. Before any result was obtained on this contest, Mackay died on May 15, 1930, leaving a will in which Annie M. Teitelbaum was named as executrix. This was probated on August 14, 1930, and letters executory issued to her.

With some promptness, she entered into negotiations with Isabelle Jefferies looking to a settlement of the contest respecting the probate of the will of Ella C. Jefferies which, as noted, had been propounded by Mackay.

Under date of October 1, 1930, without in any way consulting the legatees under Ella Jefferies' will, Annie Teitelbaum entered into an agreement with Isabelle Jefferies by which the objections to the probate were withdrawn by the latter. The terms of this settlement, in substance, provided for the payment from the estate of Ella Jefferies of $5,000 plus certain interest, in cash, and the erection of an annuity of $300 for life.

Pursuant to this agreement, Isabelle Jefferies withdrew her objections and Ella Jefferies' will was admitted. Thereafter Annie Teitelbaum applied for letters of administration c. t. a. on the estate as the representative of the residuary legatee, and, upon their issuance, undertook the administration of its assets and paid to Isabelle Jefferies $5,050 in cash and at least one of the annuity installments from the assets of Ella Jefferies' estate.

Annie Teitelbaum died on February 8, 1931, leaving a will naming Lucille T. Oppenheimer as executrix, which was admitted to probate on March 9, 1931, and letters issued to the latter.

On April 25, 1931, Adelaide Chapin applied for and received letters of administration c. t. a., d. b. n., on the estate of Ella C. Jefferies and has brought proceedings for a compulsory accounting against Lucille Oppenheimer requiring her to respond for the acts of Annie Teitelbaum as administratrix c. t. a. of Ella C. Jefferies. This account has been filed and its judicial settlement is now pending. Among other credits claimed therein, are those for the payments made by Annie Teitelbaum to Isabelle Jefferies pursuant to their agreement for settlement of the will contest. Objections to these items have been interposed.

Being squarely faced with the necessity for justifying this unauthorized use of the funds of Ella Jefferies' estate, the accountant has made the present application under the purported authority of section 19 of the Decedent Estate Law, seeking the approval of this court for the original agreement of compromise between Annie Teitelbaum and Isabelle Jefferies.

This petition demonstrates merely the total misconception of the applicant respecting the scope and purpose of the enactment in question. The only authority which the court possesses in this regard is respecting the approval or disapproval of an agreement "to which * * * the persons named as executors or the petitioners for administration with the will annexed, as the case may be, those claiming as devisees or legatees and those claiming the estate as intestate, shall be parties" (Dec. Est. Law, § 19, subd. b). In other words, the persons who have potential interests in, or claims to, the property of the decedent as statutory distributees and beneficiaries under the will must first agree among themselves upon the terms of the settlement. Even before the settlement of the contest, each side possesses certain legal rights, their deprivation of which is wholly beyond the authority of the court. Where, as in the present case, the will has been admitted to probate without a waiver by any beneficiary of the rights granted thereunder, such rights under the testamentary document become vested and are not subject to any involuntary impairment whatsoever.

As this court was at some pains to point out in its review of the scope of this enactment made in *Matter of Sidman* (154 Misc. 675), its authority in approving a compromise agreement is strictly limited to the determination of two matters, namely, *first*, whether the agreement which is proposed to be made and which has received the assent of all parties who are *sui juris*, is fair to the decedent in view of all of the surrounding circumstances, in so far as it alters the disposition of his property which he intended; and, *second*, whether a similar agreement properly protects the interests of persons who are not *sui juris* and unborn persons.

Beyond these points, the authority of the court does not extend. It has no power whatsoever to coerce a competent adult into any agreement of which he does not approve or into which, for any reason, good, bad or indifferent, he does not care to enter.

In the case at bar no adjustment agreed upon by all the competent persons interested in the estate is in existence, wherefore no authority exists for any interposition by the court in the matter. The application is accordingly denied, with costs.

Enter order on notice.