In the Matter of the Petition of ADELAIDE H. CHAPIN, as Administratrix C. T. A., D. B. N., etc., of ELLA C. JEFFERIES, Deceased, to Compel LUCILE T. OPPENHEIMER to Account as Executrix, etc., of ANNE M. TEITELBAUM, C. T. A., etc., of ELLA C. JEFFERIES, Deceased. LUCILE T. OPPENHEIMER, as Executrix, etc., of ANNE M. TEITELBAUM, Deceased, Appellant; ADELAIDE H. CHAPIN, Administratrix C. T. A., D. B. N., etc., of ELLA C. JEFFERIES, Deceased, and MIRIAM SCHOLES, Respondents.— Order of the Surrogate's Court of Kings county, denying petitioner's application for the approval of an agreement entered into between Anne M. Teitelbaum and one Isabelle Jefferies, whereby the objections interposed by Isabelle Jefferies to the probate of the last will and codicils of Ella C. Jefferies, deceased, were to be withdrawn and the will and codicils admitted to probate, affirmed, with ten dollars costs and disbursements, payable by appellant personally. Lazansky, P. J., Young, Hagarty, Johnston and Taylor, JJ., concur. [155 Misc. 464.]

In the Matter of the Application of DANIEL M. O'BRIEN, a Taxpayer, Appellant, for an Injunction Order Pursuant to Sections 123 and 124 of the Alcoholic Beverage Control Law (Chapter 478 of the Laws of 1934) against THOMAS ROZZA, Doing Business under the Firm Name and Style of THE GRAND WINE AND LIQUOR STORE, and EDWARD P. MULROONEY and Others, as Commissioners Constituting the State Liquor Authority, Respondents.— Order denying application for an injunction restraining respondent Rozza from operating a retail liquor store at certain premises situate in the borough of Queens and directing the State Liquor Authority to revoke the license theretofore issued to Rozza reversed on the law, with ten dollars costs and disbursements, and application granted, with ten dollars costs. In our opinion, the issuance to the respondent Rozza of a retail liquor license for the premises in question was in violation of the rules made by the State Liquor Authority and was not a proper exercise of its discretion. The renewal of such license subsequent to the enactment of the Alcoholic Beverage Control Law (Laws of 1934, chap. 478) was in violation of subdivision 4 of section 105 of that law, and is, therefore, invalid and should be canceled. (See *People ex rel. Clausen* v. *Murray*, 5 App. Div. 441; *Matter of Frank* v. *Hub Liquors, Inc.*, 244 id. 496.) Young, Carswell and Taylor, JJ., concur; Davis and Adel, JJ., dissent and vote to affirm on the ground that this is not a genuine taxpayer's proceeding, brought in good faith in the public interest, but its admitted purpose is to aid a competitor of respondent Rozza. We think, under the circumstances, the members of the State Liquor Authority properly exercised discretion in refusing to cancel Rozza's license. If there is no discretion vested in them, and Rozza's license should be canceled as a matter of law, then the remedy of Evers, the competitor, is to compel revocation by a peremptory mandamus order in a direct proceeding instead of in this indirect manner by the intervention of an alleged interested taxpayer. There is discretion vested in the court to deny an injunction when the obvious purpose thereof is collusive and insincere, with the result to inflict an injury on an individual for the benefit of another; and there is no showing of public wrong to be remedied or public benefit to be gained.