Submission of a controversy pursuant to sections 546-548 of the Civil Practice Act.

Per Curiam.

The question presented by this submission is whether petitioners are entitled to a license to sell liquor at retail, for consumption off the premises, at 1600 Broadway, in the borough of Manhattan. Their application was disapproved solely because the premises are located within 1,500 feet of similarly licensed premises at 226 West 53rd Street, which are located at the southwest corner of 53rd Street and Broadway, having a show window on Broadway as well as on 53rd Street, with the entrance on 53rd Street. The sole reason for the disapproval was that issuance of the license for petitioners’ premises would violate subdivision 4 of section 105 of the Alcoholic Beverage Control Law.
*920 Subdivision 4 of section 105 enjoins the issuance of a license for premises located within 1,500 feet of any premises holding a similar license on the same street or avenue. The argument of petitioners is that as the 53rd Street premises are not on the same street or avenue as petitioners’ premises, subdivision 4 of section 105 is not applicable. The contention would be entirely correct except for the show window on Broadway. So the question becomes whether a show window on Broadway constitutes premises on Broadway.
Petitioners further develop their argument by pointing out that store premises are not coextensive with the building in which the premises are located and that the building wall is not part of the leased premises. Undoubtedly this is true where the exterior of the building is a wall. Where, however, it is a show window for the leased premises it is part of the premises. It was so held in Matter of O’Brien v. Rozza (247 App. Div. 747, affd. 271 N. Y. 545). This is a controlling authority.
Judgment must be for the respondents.
Martin, P. J., Cohn, Callahan, Peck and Van Yoorhis, JJ., concur.
Judgment unanimously directed for respondents. Settle order on notice.