Charles Lambiase, J.
Petitioners in each of the above cases have presented to us similar petitions wherein they seek: (1) to annul and to cancel the approval granted by the State Liquor Authority to the applicant respondent in each case for a license to engage in the business of selling wines and liquors at retail for off-premises consumption; (2) to enjoin the State Liquor Authority from issuing a license in each matter and the approval thereof which would authorize the respective respondents to engage in the said business; and (3) to enjoin the respective respondents from engaging in the said business; and for such other relief as may be appropriate, together with costs and disbursements.
The State Liquor Authority has cross-moved in each proceeding for an order pursuant to CPLR 404 dismissing the peti *258 tions as matters of law upon the following objections: (1) that the petitions do not state sufficient facts to entitle the respective petitioners to the relief sought; (2) that section 123 of the Alcoholic Beverage Control Law does not authorize or provide a basis for the proceedings; and (3) that pursuant to sections 2 and 121 of the Alcoholic Beverage Control Law, the action of ■the State Liquor Authority, as set forth in the petitions, is not subject to an article 78 review by this court; and for such other and further relief as to the court may seem just and proper.
It is to be noted that the local Alcoholic Beverage Control Boards have not appeared in these proceedings. The State Liquor Authority is hereinafter referred to as the 1 ‘ Authority ”.
For the purposes of determining the cross motion, all of the statements contained in the petitions must be deemed to be true. (Matter of Nistal v. Hausauer, 308 N. Y. 146.)
The petitions allege in substance:
(1) That Authority Bulletin No. 390, dated August 6, 1964, and rule 17 as amended and filed by the Authority (9 NYCRR 42.1 et seq.), have reversed the policy of “ numerical limitation and restrictive licensing ’ ’; that the bulletin and new rule established a policy of ‘1 unrestricted licensing with no numerical limitation ’ ’; that in furtherance of said bulletin and the rule, the Authority has accepted applications for licenses for new package stores, has processed and approved such applications; and that provisions of the bulletin and of the rule are contrary to legislative intention, contrary to judicial precedent, in excess of the powers of the Authority, and thereby contrary to public interest and welfare,
(2)' Also it is alleged therein that an equity has been developed by each petitioner in each package store, which is a “property”; that the current Authority policy of unlimited and unrestricted licensing has been arrived at in Bulletin No. 390 and rule 17 as amended with no notice to petitioners and with no provision or opportunity for the petitioners to be heard or to offer evidence with respect thereto; and further that petitioners have thereby been deprived of their property without due process of law.
(3)' Lastly, alleged therein is the failure and refusal of the Authority to receive, investigate and to consider relevant and material information necessary to determine whether public convenience and advantage was served by approving the applications for package stores in the locations; that the Authority approved the applications in these proceedings under a general policy for the approval of applications without consideration of the criteria upon which to predicate public convenience and *259 advantage; that the Authority approved these applications with no statement of and/or factual findings upon which to determine that public convenience and advantage were served thereby.
The Legislature has made it clear that the issuance of licenses depends upon the weighing by the Authority in each case of the “ public convenience and advantage ”. (Matter of Swalbach v. State Liq. Auth., 7 N Y 2d 518, 523-524; Cantlin v. State Liq. Auth., 23 A D 2d 617, affd. 16 N Y 2d 155.)
We have concluded:
(a) That the matters alleged in (1) immediately above do not state sufficient facts to entitle the respective petitioners to the relief sought. (Cantlin v. State Liq. Auth., supra.)
(b) That the matters alleged in (2) above do not state sufficient facts to entitle the respective petitioners to the relief sought. (Matter of Franklin Nat. Bank v. Superintendent of Banks, 40 Misc 2d 565, affd. 20 A D 2d 682, mot. for lv. to app. den. 14 N Y 2d 482.)
(c) As to the matters alleged in (3) above, what is said in Matter of McNulty (State Liq. Auth.) (N. Y. L. J., April 26, 1965, p. 19, col. 7, p. 20, col. 1) is exactly in point:
“ In reply, the Authority contends that ‘Section 123 of the Alcoholic Beverage Control Law does not authorize or provide a basis for the within proceeding ’ and that ‘ pursuant to Sections 2 and 121 of the Alcoholic Beverage Control Law, the action of the Authority, which is the subject of this proceeding, is not subject to review.’ Those contentions are overruled (O’Brien v. Rozza, 247 App. Div. 747, * * * affd. 271 N. Y. 545, * * *; Corbett v. Moraventano, 61 N. Y. S. 2d 211, affd. 279 App. Div. 1083 * * *).
“ The respondent Authority, upon the argument of this motion and in support of its cross-motion, asserted that the contention of the petitioner that it had approved the issuance of the off-premises liquor license to Barmat based upon its general formula as set forth in its Bulletin No. 390 without considering whether in the individual case public convenience and advantage were served, was incorrect. Counsel for the Authority stated that since the decision in Hub Wine & Liquor Co. v. State Liquor Authority [22 A D 2d 459], applications for removals and for the issuance of new licenses received individual consideration and were approved only where the Authority found that such approval served public necessity and advantage.
‘ ‘ Whether that be the fact must await legal proof. The petitioner cannot be summarily sloughed off merely upon the Authority’s oral assertion in that regard.”
*260 Under the circumstances the cross motion to dismiss the petitions is denied. We are not concerned with the matter of any stay or temporary injunction for none has been granted in these proceedings now before us.
Respondents are permitted to serve answers upon the petitions within 10 days after service of a copy of the order to be entered hereupon. Thereafter the matters may be noticed for disposition at a Special Term of this court on five days ’ notice.