■ SYLVIA LEVINE, as Executrix of BERT R. BERNS, Deceased, Respondent-Appellant, v ROBERT MELLIN et al., Appellants-Respondents. — Motion, insofar as it seeks leave to appeal to the Court of Appeals denied and, insofar as it seeks modification, granted to the extent of adding the following language immediately after the first sentence of the last paragraph of this court's order entered on December 23, 1980 (79 AD2d 584): "Plaintiff, if so advised, may serve and file a statement of readiness and notes of issue and substantially simultaneously therewith may make application to Special Term to set the case for trial for a day certain which shall be set for a date not more than 90 days nor less than 60 days from the date fixed in the order on such motion. Not less than 60 days prior to trial defendants shall notify plaintiff when the individual defendant and principal of the corporate defendant shall be in this country. The date of such arrival shall be not less than 30 days prior to the date of trial; commencing on the 25th day preceding trial plaintiff shall commence taking the deposition(s) of defendants. This process shall proceed from day to day until completed." The memorandum decision filed with the aforesaid order is recalled and the following new memorandum substituted therefor: Order, Supreme Court, New York County, entered March 28, 1980, which denied the defendants' motion to vacate a stipulation of settlement dated December 7, 1965, and to vacate an order of January 27, 1966, based on the stipulation, which stayed the trial of the action, unanimously reversed, on the law and the facts, and the motion to vacate the stipulation of the parties and the order entered thereon granted, and the action remanded for an immediate trial, with costs and disbursements. Plaintiff, if so advised, may serve and file a statement of readiness and notes of issue and substantially simultaneously therewith may make application to Special Term to set the case for trial for a day certain which shall be set for a date not more than 90 days nor less than 60 days from the date fixed in the order on such motion. Not less than 60 days prior to trial defendants shall notify plaintiff when the individual defendant and principal of the corporate defendant shall be in this country. The date of such arrival shall not be less than 30 days prior to the date of trial; commencing on the 25th day preceding trial plaintiff shall commence taking the

deposition(s) of defendants. This process shall proceed from day to day until completed. Plaintiff cross-appeals from Special Term's denial of her cross motion to transfer the matter to Surrogate's Court. The cross appeal is dismissed as academic, without costs or disbursements. By December, 1965 the plaintiff's decedent and the defendants were involved in three Supreme Court actions against each other. One of them, the present action, was stayed by the order of January 27, 1966, which in turn was based upon a stipulation of the parties, dated December 7, 1965, that gave the decedent a right to elect to have an audit of the defendant's books. A more detailed stipulation was signed by the parties on July 18, 1967. Time passed, the decedent died, his executor died, and the plaintiff was appointed his successor. By 1975 the defendants had taken the position that the decedent's right to elect the audit granted by the 1965 stipulation and 1966 order had long since been waived by inaction. A new agreement between the parties was signed on March 6, 1978 conceding a more limited right of audit to the plaintiff. This agreement took the form of a settlement of this Supreme Court action, but it was made subject to the approval of the Surrogate of New York County in whose court the decedent's estate was pending. Without citing the defendants, the plaintiff moved before the Surrogate for the approval of the 1978 agreement as a compromise and settlement of the decedent's claim (see SCPA 1813). The Surrogate conditioned her approval upon an audit of the defendants' books going back to 1961, a condition going far beyond the right of audit agreed to by the parties to the stipulation that was before her for approval. The defendants then moved in Supreme Court to set aside the 1965 stipulation and the resulting 1966 order so as to terminate the stay and to bring about an immediate trial of the action. Special Term, under the misconception that the 1978 agreement provided for "revision" by the Surrogate and not simply her approval, denied the relief without prejudice to renewal in Surrogate's Court. The Surrogate is without authority to order a revision of a compromise and settlement of an estate's claim against a third party as a price for her approval. Her warrant is to review the discretion or judgment of the estate's representative and either approve or disapprove of it. She cannot substitute her own judgment or discretion (SCPA 1813; *Matter of Leopold*, 259 NY 274; *Matter of Rappaport*, 102 Misc 2d 910). Furthermore, the Surrogate lacked jurisdiction over the defendants to impose her revision upon them (SCPA 203). They had not been served with process. Their attorney's attendance at the Surrogate's chambers when he had been informed by the plaintiff's attorney of her intended action certainly cannot be deemed a waiver of or a subjection to jurisdiction when his reiterated purpose there was to point out the lack of jurisdiction. For the same reason the defendants had no standing to appeal the Surrogate's order. The defendants have been struggling fruitlessly since 1964 to be rid of this action. Justice requires its immediate trial. Concur — Sullivan, J. P., Carro, Markewich, Bloom and Lynch, JJ.