■ In the Matter of the Estate of PATRICIA A. CAMARDA, Also Known as PATRICIA S. CAMARDA, Deceased. THOMAS M. CAMARDA, SR., Appellant; MARYELLEN AHNEMAN et al., Re-

spondents.—In a proceeding for the compromise of controversies between the claimants to the estate of Patricia A. Camarda, also known as Patricia Spaulding Camarda, pursuant to SCPA 2106, Thomas M. Camarda, Sr., individually and as guardian of Thomas M. Camarda, Jr., appeals from an interim decree of the Surrogate's Court, Suffolk County (Signorelli, S.), entered July 22, 1986, which modified a compromise agreement entered into among the parties by disallowing the payment of certain attorneys' fees to the attorneys for the objectant guardian out of the estate, and, as so modified, approved said agreement.

Ordered that the interim decree is reversed, with one bill of costs payable out of the estate, and the matter is remitted to the Surrogate's Court, Suffolk County, for further proceedings consistent herewith.

The compromise agreement herein submitted to the Surrogate for approval pursuant to the provisions of SCPA 2106 was a proposed settlement of two contested proceedings (guardianship and accounting proceedings) which had been brought with respect to the estate of the decedent.

The agreement provided, *inter alia,* that the appellant would waive his right of election in consideration for a certain automobile and sums previously advanced to him and fixed the amount of attorneys' fees payable to the appellant's attorneys from the estate. The Surrogate, by interim decree entered July 22, 1986, modified the agreement by reducing the fees payable from the estate to the appellant's tax counsel, and eliminating the fees payable from the estate to his other attorneys in their entirety, and as so modified, approved the agreement.

We agree with the appellant's contention that the Surrogate erred in modifying the agreement and approving it as so modified. The Surrogate has the power to review the discretion and judgment of the estate's representative in entering into a compromise agreement by either approving or disapproving it in its entirety. The Surrogate is without authority to substitute its own judgment for that of the parties *(see, Matter of Leopold,* 259 NY 274; *Levine v Mellin,* 79 AD2d 584; *Matter of Jefferies,* 155 Misc 464). While the Surrogate has the power to fix attorneys' fees for services rendered to a fiduciary or to a devisee, legatee, distributee or any person interested in an estate *(see,* SCPA 2110), in the context of the instant compromise agreement, where the appellant withdrew his right of election in consideration for the payment of his attorneys' fees and sums advanced, the Surrogate should have

determined whether the agreement was fair and reasonable, and if it was not, should have rejected it in its entirety and left the parties to draft a new agreement or to pursue their claims.

The matter is therefore remitted to the Surrogate, who should either approve or disapprove the agreement in its entirety, and state the reasons therefor. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.