OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by reinstating so much of the judgment as awarded damages to defendant on her counterclaim for use and occupancy and, as so modified, affirmed, with costs.
It is well settled that "parties to a civil litigation, in the absence of a strong countervailing public policy, may consent, formally or by their conduct, to the law to be applied” (Martin v City of Cohoes, 37 NY2d 162, 165). Thus, an "agreement on a theory of damages at trial, even if only implied, must control on appeal” (T. W. Oil v Consolidated Edison Co., 57 NY2d 574, 587). Here, by her conduct at trial, plaintiff consented to the submission to and consideration by the jury of defendant’s hypothetical rental value as a valid theory for measuring the damages for wrongfully withheld use and occupancy. Plaintiff, therefore, is precluded from arguing on appeal that such theory is not cognizable under law. Accordingly, the Appellate Division erred in setting aside the verdict and reducing the judgment on plaintiffs proffered rationale. We have considered defendant’s other contentions and conclude they are without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone taking no part.
*983 Order modified in accordance with the memorandum herein and, as so modified, affirmed, with costs to appellant.