■ In the Matter of the Estate of ALEXANDER NICASTRO, Deceased. DOROTHY NICASTRO et al., Appellants; ANTHONY MASTROIANNI, Respondent, et al., Defendants.—In an application, *inter alia,* for leave to compromise and settle a wrongful death claim arising out of the death of the petitioners' decedent, Alexander Nicastro, and for the judicial resettlement of the administrator's account, Dorothy Nicastro and Gina Marie Nicastro appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Suffolk County (Brown, S.), dated October 2, 1987, as upon, in effect, granting their motion for reargument of an application to allocate attorneys' fees out of the attorneys' compensation fund established in a stipulation creating the structured settlement of the wrongful death action, thereupon adhered to the original determination denying their attorney compensation out of that fund and reinstated an order of the same court dated July 9, 1987 to that effect.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the estate, the order dated July 9, 1987 is vacated, the claim of the attorneys for the appellants for compensation out of the attorneys' compensation fund established by the stipulation of settlement is allowed, and the matter is remitted to the Surrogate's Court, Suffolk County, for reconsideration of the amounts to be awarded to the attorneys for the respective parties from the fund in question.

Inasmuch as the order appealed from reinstated the order which the trial court had previously vacated, *sua sponte,* the matter is properly before this court. After approximately 10 years of litigation the parties to this wrongful death action reached a structured settlement by stipulation in open court with all parties present and represented by counsel. The stipulation provided, *inter alia,* that $200,000 of the total sum of $600,000 was "to pay attorney's liens and fees as fixed by

this court including disbursements" to "attorneys here" and "the way * * * the manner and the amount to be paid" was to be determined by the Surrogate. It specifically excluded the payment of counsel fees from the compensation fund to Sussman & Gottlieb, who had previously represented Dorothy Nicastro as an individual, declaring that she would pay them out of her distribution.

The law favors stipulations of settlement, particularly those, as here, read into the record in open court with all parties represented by counsel, and will not lightly set them aside absent a cause such as is sufficient to invalidate a contract, i.e., fraud, collusion, mistake or accident (Freidus v Eisenberg, 71 NY2d 981, 982; Schieck v Schieck, 138 AD2d 691; Daniels v Banks, 136 AD2d 675, 676; Matter of Mahnk, 138 AD2d 939). Further, although upon review of the estate's representative's discretion and judgment in agreeing to a compromise settlement, the Surrogate is empowered to reject or accept it in its entirety, he may not substitute his own judgment (Matter of Camarda, 133 AD2d 114; Matter of Leopold, 259 NY 274). In view of the clear language of the stipulation at bar, it was error for the trial court to deny a distribution of a fair and reasonable counsel fee to the plaintiffs' attorney from the compensation fund and the matter is remitted to the Surrogate's Court for an order in compliance herewith. Brown, J. P., Eiber, Kooper and Balletta, JJ., concur.