■ TOP HAT MAINTENANCE, INC., Respondent, v ZIP MAINTENANCE CORP. et al., Appellants.—Judgment unanimously affirmed without costs. Memorandum: We affirm the judgment for reasons stated in the decision of Supreme Court (Balbach, J.H.O.). We add only that defendants stipulated to plaintiff's theory of damages (entitlement to the return of the purchase price) and, therefore, defendants are precluded from arguing on appeal that such theory is not cognizable under law *(see, Freidus v Eisenberg,* 71 NY2d 981, 982). (Appeal from Judgment of Supreme Court, Suffolk County, Balbach, J.H.O.—Fraud.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.

■ MARIE TABORDA, Respondent, v HENRY TABORDA, Appellant.—Appeal unanimously dismissed without costs as moot *(see, Matter of Gansburg v Gansburg,* 127 AD2d 766). (Appeal from Order of Queens County Family Court, Torres, J.—Family Offense.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.

■ KENNETH SIMMONS, Respondent, v TWO WHEEL CORP., Defendant, and YAMAHA MOTOR CORPORATION, U.S.A., Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs *(see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Queens County, Graci, J.—Strike Note of Issue.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.

■ BARBARA PACIELLA, Respondent, v FRANK PACIELLA, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs. Memorandum: The support order appealed from was entered upon consent of the parties. Respondent's appropriate remedy is to move to vacate or resettle the order *(see, Matter of Colletti v Colletti,* 56 AD2d 845). (Appeal from Order of Suffolk County Family Court, McNulty, J.—Child Support.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.