■ OTTO SCHWARTZ, Appellant, v CROSS BAY EXCAVATORS, INC., Defendant and Third-Party Plaintiff-Respondent. AN-THONY GRACE & SONS, INC., Third-Party Defendant. [596 NYS2d 161] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Lebowitz, J.), entered July 30, 1990, as denied that branch of his motion which was to reinstate a jury verdict in his favor and against Cross Bay Excavators, Inc., which had been set aside as contrary to the weight of the evidence.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, that branch of the plaintiff's motion which was to reinstate so much of the jury verdict as found fault on the part of the defendant Cross Bay Excavators, Inc., in the happening of the accident is granted, and that portion of the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages only.

Contrary to the trial court's conclusion, we find that the evidence presented at the trial of this matter, viewed in a light most favorable to the plaintiff, was sufficient to support the jury's verdict against Cross Bay Excavators, Inc. (hereinafter Cross Bay) *(see, Parkin v Cornell Univ.,* 78 NY2d 523, 526). Pursuant to Cross Bay's contract with the State, it was required to maintain adequate drainage of the traveled way. Yet abundant evidence was adduced demonstrating that water pooled and froze on the surface, resulting in an unsafe condition which proximately caused the plaintiff's car to crash into a viaduct stanchion. Likewise, the evidence demonstrated that Cross Bay's removal of the lighting fixtures from beneath an elevated roadway, along with the absence of a barrier properly placed to prevent an accident such as the one in question, were additional proximate causes of the plaintiff's injuries.

Cross Bay's contention that its contract with the State created no duty to the plaintiff was never raised in the trial court. On the contrary, throughout the trial Cross Bay acquiesced in the plaintiff's position that the contract was controlling with regard to its duties to third parties. Likewise, Cross Bay raised no objection to the trial court's charge on this issue. Inasmuch as the plaintiff's evidence was sufficient to support the jury's verdict under the law as charged, without objection, the verdict must stand (see, *Parkin v Cornell Univ., supra,* at 530-531; *see also, Freidus v Eisenberg,* 71 NY2d 981; *Martin v City of Cohoes,* 37 NY2d 162, 165-166; *McCummings v New York City Tr. Auth.,* 177 AD2d 24, 28).

We have examined Cross Bay's remaining contentions and find them to be unpreserved for appellate review (see, CPLR 5501). Balletta, J. P., Eiber, Ritter and Santucci, JJ., concur.