■ Lawton Llewellyn, Respondent, v Maurice W. Pomfrey & Associates, Ltd., Doing Business as POMCO, et al., Appellants. [791 NYS2d 783]—

Appeal from a judgment of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered April 9, 2004. The judgment, upon a jury verdict, awarded plaintiff the amount of $549,853.12 in an action for breach of contract.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action to recover damages resulting from defendants' alleged breach of an agreement setting forth the terms of plaintiff's employment as vice-president of operations of defendant Maurice W. Pomfrey & Associates, Ltd., doing business as POMCO. The jury found that defendants breached the agreement and awarded plaintiff damages. Defendants contend that the complaint fails to state a cause of action insofar as it alleges that they breached the "Stock Interest" paragraph of the agreement because the language of that paragraph is too indefinite to be enforceable (*see generally Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]). They concede, however, that they failed to seek dismissal of the complaint on that ground. Indeed, the record establishes that, throughout the trial, defendants acquiesced in plaintiff's position that the "Stock Interest" paragraph constitutes an enforceable agreement (*see Schwartz v Cross Bay Excavators*, 192 AD2d 593, 594 [1993], *lv denied* 82 NY2d 661 [1993]; *see generally Freidus v Eisenberg*, 71 NY2d 981, 982 [1988]), and defendants failed to object to Supreme Court's charge on the law or to the "jury interrogatory/verdict sheet" reflecting plaintiff's position with respect to the "Stock Interest" paragraph of the agreement (*see Schwartz*, 192 AD2d at 594; *Rubin v Pecoraro*, 141 AD2d 525, 526 [1988]). Defendants therefore may not contend for the first time on appeal that the "Stock Interest" paragraph is too indefinite to be enforceable (*see Freidus*, 71 NY2d at 982; *Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276 [1988]). Present—Green, J.P., Scudder, Kehoe, Smith and Hayes, JJ.