City of New York v Quadrozzi (2020 NY Slip Op 07856)





City of New York v Quadrozzi


2020 NY Slip Op 07856


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-00337
 (Index No. 8442/10)

[*1]City of New York, et al., respondents, 
v
John Quadrozzi, Jr., etc., appellant, et al., defendants.


Paykin Krieg & Adams, LLP, New York, NY (David A. Schrader and Benjamin Suess of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Kevin Osowksi of counsel), for respondents.



DECISION & ORDER
In an action to compel compliance with the New York City Landmarks Preservation Law, the defendant John Quadrozzi, Jr., appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated November 26, 2018. The order, insofar as appealed from, upon denying the plaintiffs' motion to hold the defendant John Quadrozzi, Jr., in contempt, sua sponte increased the $1,000 per week penalty imposed upon that defendant in a so-ordered stipulation of settlement between the parties dated April 29, 2013, to $2,000 per week.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, increased the $1,000 per week penalty imposed upon the defendant John Quadrozzi, Jr., pursuant to a so-ordered stipulation of settlement dated April 29, 2013, to $2,000 per week, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, with costs.
In 2010, the plaintiffs, City of New York and the Landmarks Preservation Commission, commenced this action, inter alia, to compel the defendant John Quadrozzi, Jr. (hereinafter the defendant), the owner of two adjacent properties located within the Cobble Hill Historic District of Brooklyn, to maintain the properties "in good repair" (see Administrative Code of City of NY § 25-311[a]). Pursuant to a so-ordered stipulation of settlement dated April 29, 2013 (hereinafter the 2013 stipulation), entered into between the parties, the defendant agreed to make certain repairs by June 30, 2014, and other repairs by September 30, 2014. The 2013 stipulation provided that if such repairs were not timely completed, the defendant would pay the City of New York a fine in the amount of $150,000. The 2013 stipulation also set forth that if the defendant did not complete the repairs within 30 days following the issuance of an order finding that he had failed to comply with the deadlines, he would pay the City of New York $1,000 per week until the repairs were completed.
In January 2015, the plaintiffs moved to enforce the 2013 stipulation and to hold the defendant in civil contempt of court. In an order dated November 19, 2015 (hereinafter the [*2]November 2015 order), the Supreme Court granted that branch of the plaintiffs' motion which was to enforce the 2013 stipulation and thereafter entered judgment in favor of the plaintiffs and against the defendant in the total sum of $160,000, representing the $150,000 fine plus $1,000 per week for 10 weeks (see City of New York v Quadrozzi, 171 AD3d 1009). The defendant appealed from the judgment entered upon the November 2015 order and this Court affirmed the judgment (see id.).
Thereafter, in September 2018, the plaintiffs again moved to hold the defendant in civil contempt and direct him to pay a fine to the City of New York of $5,000 per week, and also to hold him in criminal contempt and direct his incarceration for up to 30 days for his failure to comply with the 2013 stipulation. The plaintiffs contended that the defendant had not performed any of the required work since the November 2015 order. In opposition, the defendant averred, among other things, that he made progress toward the required repairs and blamed the plaintiffs for the delays. As is relevant to this appeal, in an order dated November 26, 2018 (hereinafter the November 2018 order), the Supreme Court, inter alia, denied the plaintiffs' motion to hold the defendant in civil and criminal contempt but, sua sponte, directed that the $1,000 per week penalty agreed to by the parties in the 2013 stipulation be increased to $2,000 per week effective immediately. We reverse so much of the November 2018 order as, sua sponte, changed the penalty from the agreed-to amount of $1,000 per week set forth in the 2013 stipulation to $2,000 per week.
"A so-ordered stipulation is a contract between the parties thereto and as such, is binding on them and will be construed in accordance with contract principles and the parties' intent" (Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d 446, 447 [internal quotation marks omitted]; see Matter of O'Rourke, 98 AD3d 1120, 1122). "When an agreement between parties is clear and unambiguous on its face, it will be enforced according to its terms and without resort to extrinsic evidence" (Matter of O'Rourke, 98 AD3d at 1122 [internal quotation marks omitted]; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163). Accordingly, a court "should not, under the guise of contract interpretation, 'imply a term which the parties themselves failed to insert' or otherwise rewrite the contract" (Lui v Park Ridge at Terryville Assn., 196 AD2d 579, 581, quoting Mitchell v Mitchell, 82 AD2d 849, 849).
Here, we disagree with the Supreme Court's sua sponte determination to change the $1,000 per week penalty set forth in the 2013 stipulation (see Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d at 448; Matter of Nicastro, 150 AD2d 454, 455). Although the New York City Landmarks Preservation Law authorizes a penalty of up to $5,000 per day (see Administrative Code of City of NY § 25-317.1[a][3], [4]), the parties expressly agreed to a different penalty in their 2013 stipulation. Thus, the court should not have "rewritten" the terms of the 2013 stipulation by changing the amount of the penalty agreed to by the parties.
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court